IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **FILIBERTO SIERRA, III,** § | | |
| **TDJC No. 1924410,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. SA-17-CA-0507-FB | |
| § | | |
| **LORIE DAVIS, Director, Texas** § | | |
| **Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Filiberto Sierra, III, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ-CID"), has filed an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions for aggravated sexual assault and assault on a family member. As required by Rule 4 of the Rules Governing Section 2254 Cases, the Court conducted a preliminary review of the petition. Having considered the habeas application (Docket Entry "DE" 1), Respondent's Answer (DE 9), the record (DE 10), and applicable law, the Court finds the petition should be **DENIED.**

### I. Procedural Background

Filiberto Sierra, III was charged by indictment with aggravated sexual assault and assault of a family member, with an enhancement paragraph alleging a prior conviction for deadly conduct with a firearm. A jury found Mr. Sierra guilty, and after he pleaded "true" to the enhancement paragraph, the jury sentenced him to fifteen years' imprisonment for aggravated sexual assault and five years' imprisonment for assault of a family member.

Mr. Sierra appealed and the Fourth Court of Appeals affirmed the judgment of the trial court. *Sierra v. State*, No. 04–14–00279–CR, 2015 WL 3771711, *4 (Tex. App.–San Antonio 2015, pet.

ref'd). Mr. Sierra then filed a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals ("TCCA"), which was refused. *Sierra v. State*, No. PD–0811–15 (Tex. Crim. App. 2015). On November 15, 2016, Mr. Sierra filed an application for a state writ of habeas corpus, which was denied without written order based on the findings of the trial court. (DE 10-19). Mr. Sierra then filed the instant federal petition.

In this section 2254 action, petitioner Sierra alleges: (1) he was denied the effective assistance of trial counsel because his attorney told the jury during opening statements he was not prepared; (2) the prosecution committed error by commenting on Mr. Sierra's failure to testify; (3) the trial court committed error by excluding evidence; and (4) he is actually innocent. (DE 1). Respondent contends petitioner's first two claims lack merit and his last two claims are procedurally barred. (DE 9 at 4).

## II. Factual Background

The factual background was summarized as follows by the Fourth Court of Appeals:

> At the time of the alleged assault, A.S. was Sierra's wife, but they were no longer living together. On June 30, 2011, A.S. notified San Antonio police officers of an assault by Sierra. A.S. reported that the previous evening, June 29, 2011, Sierra forced his way into her home, verbally and physically assaulted her, threatened her with a knife, and then engaged in non-consensual intercourse with her several times throughout the night. A.S. was able to escape the residence after the siren from a smoke detector alerted and she ran next door to the neighbor's house. Sierra was charged with aggravated sexual assault and felony assault bodily injury.

*Sierra*, 2015 WL 3771711, at *1 (footnote omitted).

## III. Standard of Review

### A. Review of State Court Adjudications

Mr. Sierra's federal petition is governed by the heightened standard of review provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254. Under § 2254(d),

a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings, unless the adjudication of that claim either: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States", or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120, 132-33 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show the state court's decision was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). As long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, petitioner Sierra must show the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any

possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

**B. Review of Sixth Amendment Claims**

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel ("IATC" claims) under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense. *Id.* at 687-88, 690. According to the Supreme Court, "[s]urmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

In determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show counsel's performance fell beyond the bounds of prevailing objective professional standards. *Strickland,* 466 U.S. at 687-89. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (quoting *Strickland*, 466 U.S. at 690). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). As the Supreme Court explained, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Richter*, 562 U.S. at 110. For this reason, every effort must be made to eliminate the "distorting effects of hindsight." *Strickland*, 466 U.S. at 689; *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) ("The Sixth

Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.") (citations omitted). Accordingly, there is a strong presumption an alleged deficiency "falls within the wide range of reasonable professional assistance." *Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### IV. Analysis

**A. Ground One**

In his first ground, petitioner Sierra maintains he was denied effective assistance of trial counsel because his attorney told the jury he was not prepared during his opening statement. Mr. Sierra raised this same ground in his state habeas petition, to which his attorney responded by providing an affidavit wherein he stated: he would never tell a jury he was unprepared; his review of his voir dire presentation revealed no such statement; and he waived his opening statement.[1] (DE 10-21 at 1106). The trial court found that counsel's affidavit was truthful and credible, and issued a conclusion of law that Mr. Sierra had not been denied effective assistance of counsel. (DE 10-21

---

[1] The only statement by trial counsel that arguably refers to counsel's lack of preparation appears in his closing argument, where counsel states the following:

> First of all, folks, let me begin by telling you that normally when I try cases I spend some time putting closing arguments together. I try to be efficient, coherent, address the issues, address the evidence, address the law and present that in a way that makes it helpful to you to make a decision.
> As you know, this trial has been kind of herky jerky, started and stopped and started and stopped. I really didn't expect to argue the case this evening, so I spent about 10 minutes preparing my closing argument, so I apologize for that and I hope it is still at least a little bit coherent when I give it to you.

(DE 10-12 at 148). Closing arguments essentially sum up the evidence or lack thereof, and address the credibility of the witnesses. As a result, these arguments are typically developed during and after trial. The fact that counsel felt rushed in preparing his closing argument and shared this with the jury is not objectively deficient. Moreover, petitioner Sierra fails to show how he was prejudiced by counsel's closing statement. *Strickland*, 466 U.S. at 694.

at 75). The TCCA denied Mr. Sierra's application based on the trial court's findings. (DE 10-19 at 1).

The TCCA's implicit and explicit factual findings and credibility determinations are entitled to a presumption of correctness, which may be overcome only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983); *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001). Here, petitioner Sierra has failed to demonstrate the TCCA's decision was an unreasonable application of clearly established federal law or an unreasonable application of the facts in light of the evidence presented. Accordingly, his first claim is denied.

**B. Ground Two**

Next, petitioner Sierra alleges the prosecution committed error by telling the jury he was "hiding behind the 5th Amendment." Mr. Sierra raised this issue on direct appeal and, because the Texas Fourth Court of Appeals issued the last written opinion on the matter, the Court reviews its decision to determine whether the denial of this claim was contrary to or an unreasonable application of federal law. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). The intermediate court found that the State's remark was "specifically directed at Sierra's failure to testify in his defense." *Sierra*, 2015 WL 3771711, at *3. However, after conducting the harm analysis pursuant to TEX. R. APP. P. 44.2(a), the appellate court found the comment was not harmful.[2] *Id.*

In particular, the appellate court considered "[h]ow emphatically the prosecutor invited the jury to consider the appellant's failure to testify, whether he repeated the invitation once the appellant's objection was overruled, and how much heft the jury would likely have placed upon that

---

[2] Rule 44.2(a) provides that "[i]f the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a).

invitation in light of the weight and character of the State's evidence." *Id.* (quoting *Snowden v. State*, 353 S.W.3d 815, 822 (Tex. Crim. App. 2011)). The intermediate court found the comment was a brief objection to an exhibit offered by defense counsel rather than a calculated argument and further, it was not repeated. Moreover, the comment came towards the end of the trial and shortly after the jury was provided with jury instructions, which included a separate instruction that the defendant's failure to testify should not be held against him. The appellate court found this instruction sufficient to cure the error, given the presumption that a jury will follow the court's instructions. *Id.* at 4 (citing *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009)). Finally, the Fourth Court of Appeals considered "the certainty of conviction absent the comment." *Id.* The court noted the jury heard testimony from A.S. identifying Mr. Sierra as the perpetrator and her testimony was supported by DNA evidence obtained from a bite mark on A.S. *Id.* Additionally, the court found there was other physical evidence of A.S. having been assaulted and sexually assaulted. *Id.* Consequently, the appellate court concluded there was significant evidence supporting petitioner Sierra's conviction and, in view of the evidence, "the prosecutor's one-line comment did not contribute to the determination of Sierra's guilt." *Id.* Pursuant to 28 U.S.C. § 2254(e)(1), these findings are entitled to a presumption of correctness that may only be overcome by the presentation of clear and convincing evidence. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981). Petitioner Sierra fails to meet his burden and, therefore, his second claim is denied.

### C. Grounds Three and Four

In his third and fourth grounds, petitioner Sierra argues the trial court committed error by excluding evidence and that this evidence would have proved his innocence. Petitioner Sierra contends the trial judge should have admitted evidence showing the victim changed her story. He also asserts the victim should have been required to take a drug test before trial and that evidence of her

prior drug abuse, violence, and history of making false police reports should have been admitted. Petitioner Sierra contends this evidence would have shown the victim to be unreliable and proven his innocence. Mr. Sierra raised these grounds in his state habeas petition. However, because he did not raise them on direct appeal, the state court found these claims were procedurally barred and recommended Mr. Sierra's application for state writ of habeas corpus be denied. (DE 10-21 at 76). Subsequently, the TCCA denied petitioner's application based on the trial court's findings of fact and conclusions of law. (DE 10-19).

Generally, a federal habeas court "will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)). However, a petitioner can successfully overcome a procedural bar by showing "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 724 (internal cites omitted). A miscarriage of justice in this context means the petitioner is actually innocent of the crime of which he was convicted. *Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

Here, petitioner Sierra fails to show cause for not raising these issues on direct appeal. Further, petitioner Sierra fails to show actual prejudice as a result of an alleged violation of federal law or that he is actually innocent of the crime for which he was convicted. As previously stated, the Fourth Court of Appeals concluded there was significant evidence supporting Mr. Sierra's conviction. *Sierra*, 2015 WL 3771711, at *4. Because petitioner Sierra fails to meet his burden, his third and fourth claims are procedurally barred from federal habeas corpus review.

## V. Certificate of Appealability

The Court next determines whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes reasonable jurists would not debate the conclusion that petitioner Sierra is not entitled to federal habeas relief. As such, a COA will not issue.

## VI. Conclusion and Order

Petitioner has failed to establish the state court's rejection of the aforementioned claims on the merits during his state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state trial and habeas corpus proceedings. As a result, Filiberto Sierra, III's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Filiberto Sierra, III's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 petition (DE 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. Motions pending, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 27th day of December, 2017.

FRED BIERY
UNITED STATES DISTRICT JUDGE